```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/02/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT SUTTON, et ano., | |
| Plaintiffs, | |
| -against- | 18-CV-7319 (BCM) |
| RMS PARTNERS, LLC, et al., | **ORDER** |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

On March 7, 2019, the parties to this Fair Labor Standards Act (FLSA) action requested that I adjourn a judicially-supervised settlement conference scheduled for the following week, and on March 8, 2019, I granted that request. (Dkt. No. 25.) On March 21, 2019, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. No. 26.) The following day, they filed a Stipulation of Dismissal Without Prejudice (Stipulation) (Dkt. No. 27), in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii), which recites that "all claims asserted by Plaintiffs . . . are discontinued and dismissed, without prejudice, as against Defendants, without costs or attorney's fees to any party as against another."

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims *with prejudice* require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d 199, 206 (2d Cir. 2015) (emphasis added). The court left "for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation *without prejudice*." *Id*. at 201 n. 2 (emphasis added); *see also Yunjian Lin v. Grand Sichuan 74 St Inc.*, 2018 WL 3222519, at *3 (S.D.N.Y. July 2, 2018) (The Second Circuit "has not yet decided whether court approval is required when FLSA plaintiffs . . . stipulate to the dismissal of their claims without prejudice under Federal Rule of Civil Procedure 41.").

Many courts in this District have concluded that a Rule 41 dismissal without prejudice does not require a *Cheeks* review. *See Schaubeck v. Morris Pharmacy, Inc.*, 2018 WL 5292127, at *1 n.1 (S.D.N.Y. Oct. 25, 2018) (collecting cases).  This Court agrees. *See Cabrera v. CBS Corp.*, 2019 WL 502131, at *8 (S.D.N.Y. Feb. 8, 2019). However, from time to time a court discovers that what appears to be a "true dismissal without prejudice," which "would permit the plaintiff to reassert his claims," has been coupled with an un-filed settlement agreement which contains a release or similar provision "foreclose[ing] [the plaintiff] from ever asserting his FLSA claim." *Seck v. Dipna Rx, Inc.*, (PKC), 2017 WL 1906887, at *2 (S.D.N.Y. May 8, 2017).  In *Seck*, the parties filed a stipulation of dismissal without prejudice:

> But in truth and fact, under the terms of a hidden settlement agreement, Seck forever forfeited his right to reassert his FLSA claim. Taken as a whole and in the context of *Cheeks*, this is deceptive conduct. A settlement containing a release that extinguishes the right to bring a claim in the future forecloses the claim as certainly as a stipulation of dismissal with prejudice. The Court concludes that it falls within the category of settlements that require *Cheeks* review.

*Id.*

In the absence of any evidence to the contrary, this Court will presume that the parties in the case at bar have entered into a "true dismissal without prejudice," that is, that they have not entered into any other agreements or understandings restricting the plaintiffs' rights to refile their FLSA claims. The parties' claims are therefore DISMISSED WITHOUT PREJUDICE.

However, should the Court's presumption be unwarranted, the parties are required, within thirty days of today's date, to:

(1) File their fully-executed settlement agreement (or other document(s)) evidencing the complete terms of their agreement) on the Court's electronic docket;

(2) File a joint letter seeking judicial approval of their agreement pursuant to *Cheeks*, in accordance with the standards set out in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012); and

(3) To the extent the parties' agreement includes a payment of fees or expenses to plaintiff's counsel, file copies of counsel's properly authenticated time and expense records corresponding to the sums for which judicial approval is sought.

The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated:  New York, New York
         April 2, 2019

                                    **SO ORDERED.**


                                    _____
                                    **BARBARA MOSES**
                                    **United States Magistrate Judge**